IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IFEANYI NWAMI, et al.,** | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4540 |
| | : | |
| **DELAWARE COUNTY CHILDREN &** | : | |
| **YOUTH SERVICES,** *et al.*, | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this     28th     day of February, 2023, upon consideration of Plaintiff Ifeanyi Nwami's Motion to Proceed *In Forma Pauperis* (ECF No. 3), and his Third Amended Complaint (ECF No. 6) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint, the Amended Complaint and the Second and Third Amended Complaints are **DEEMED** filed.

3. The Clerk of Court is **DIRECTED** to mark as "participant view only" Nwami's Motion to Proceed *In Forma Pauperis* (ECF No. 2), his original Complaint (ECF No. 1), his Amended Complaint (ECF No.3), and his Second Amended Complaint (ECF No. 5).  Nwami is **DIRECTED** to refrain from including his minor children's names in future filings.

4. The Clerk of Court is **DIRECTED** to correct the docket to reflect the parties named in the Third Amended Complaint.

5. All claims asserted by Nwami on behalf of K.S. and D.S. are **DISMISSED WITHOUT PREJDUCE** for lack of standing.

6. The following claims are **DISMISSED WITH PREJUDICE**:  Nwami's substantive due process claim;Title VII claim; procedural due process claim based on

interference with his career; official capacity claims against Defendants Nicole Strofe, Shapiro Doe, Mykia Hicks, and Megan Fulton; and all claims against Defendants Angelique Hiers and the Delaware County Department of Human Services.

7.  The following claims are **DISMISSED WITHOUT PREJUDICE**:  All claims against Maxwell, Venessa Pierre, Simpson, Lierre-Louis, Carriere, Miller, and Joan Baxter; and Nwami's state law negligence claims.

8.  The Clerk of Court is **DIRECTED** to terminate Angelique Hiers and the Delaware County Department of Human Services as Defendants.

9.  Nwami may file a fourth amended complaint within thirty (30) days of the date of this Order.  **He may not reassert any claims that have been dismissed with prejudice.**  Any fourth amended complaint must identify all defendants in the caption of the fourth amended complaint in addition to identifying them in the body of the fourth amended complaint and shall state the basis for Nwami's claims against each defendant.  The fourth amended complaint must also provide as much identifying information for the defendants as possible.  Nwami may refer to a defendant by last name only if that is the only identifying information possessed.  If Nwami wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.  The fourth amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his fourth amended complaint, Nwami should be mindful of the Court's reasons for dismissing the claims in his Third Amended Complaint as explained in the Court's Memorandum.  **Nwami is notified that any fourth amended complaint will be treated as the governing pleading in this case and must contain any claims upon which he seeks to proceed.  This means that if Nwami files a fourth amended complaint, he must reassert the**

**procedural due process claims the Court did not dismiss if he still seeks to pursue them.  If he does not reassert them, they may be considered abandoned.**  Upon the filing of a fourth amended complaint, the Clerk shall not make service until so **ORDERED** by the

10. The Clerk of Court is **DIRECTED** to send Nwami a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Nwami may use this form to file his fourth amended complaint if he chooses to do so.[1]

11. If Nwami does not file a fourth amended complaint the Court will direct service of his Third Amended Complaint on Defendants Hicks, Strofe, Fulton, McGonigal, Smith and the Clifton Heights Police Department **only** so that Nwami may proceed on the procedural due process and state law negligence claims that remain pending against them.  Nwami may also notify the Court that he seeks to proceed on these claims rather than file a fourth amended complaint.  If he files such a notice, Nwami is reminded to include the case number for this case, 22-4540.

12. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                        **BY THE COURT:**

                        /s/Joel H. Slomsky, J,
                        **JOEL H. SLOMSKY, J.**

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents2/forms/forms-pro-se