IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IFEANYI NWANI, *et al.*, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4540 |
| | : | |
| DELAWARE COUNTY CHILDREN & | : | |
| YOUTH SERVICES, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SLOMSKY, J.**                                                                                       **JULY 17, 2023**

      Currently before the Court is a Fourth Amended Complaint filed *pro se* by Plaintiff Ifeanyi Nwani[1] (ECF No. 11 ("FAC")).[2] The FAC asserts violations of Nwani's constitutional rights and related state law negligence claims. The claims arise from the Delaware County Department of Children and Youth Services' ("CYS") removal of Nwani's minor children, K.S. and D.S.,[3] from his custody following allegations of sexual abuse. In the FAC, Nwani asserts constitutional claims against the following employees of the Delaware County Department of Human Services ("DHS"): Administrator Vanessa Pierre, Supervisor Nicole Strofe, Caseworker

---

[1] The Court previously misspelled Nwani's name.

[2] Also before the Court is Nwani's Motion for Leave to Proceed *In Forma Pauperis.* (ECF No. 10.) This motion will be denied as moot because Nwani was previously granted leave to proceed *in forma pauperis*. (*See* ECF No. 9.)

[3] Notwithstanding the Court's direction that he refrain from including the names of his minor children from future filings, Nwani has again included their names in the FAC. Federal Rule of Civil Procedure 5.2 prohibits litigants from submitting documents that contain personal information, including, *inter alia*, the names of persons under the age of 18, who are to be identified by initials only. The Clerk of Court will be directed to mark the FAC as case participants view only. Nwani is directed to refrain from including the minors' names in future filings.

Mykia Hick, Supervisors Shapiro Doe and Joan Baxter, and Legal Services Administrator Megan Fulton (collectively "the DHS Defendants"). Nwani also asserts claims against Upper Darby School District Superintendent John Council, and state law negligence claims against the Clifton Heights Police Department ("CHPD") and Clifton Heights Police Officers Daniel McGonigal and Duncan Smith, Jr.[4] (FAC at 1, 4-8.)

For the following reasons, the Court will dismiss with prejudice Nwani's claims against Vanessa Pierre, Joan Baxter, Shapiro Doe, CHPD, and Officers McGonigal and Smith.[5] The Court will dismiss without prejudice Nwani's claims against Council, Capps, and Addo.

---

[4] Nwani also includes CYS caseworker Michael Addo in the caption of his FAC and alleges that Addo was involved in multiple custody hearings involving Nwani's sons. (FAC at 6.) Nwani also alleges that Addo accompanied CYS Supervisor Joan Baxter on April 8, 2022, when the two allegedly "forced" their way into Nwani's home and questioned his sons. (*Id.* at 8.) Nwani also alleges that Addo closed a family service plan on December 14, 2021. (*Id.*) Nwani also refers to CYS caseworker Chaurice Capps, who Nwani alleges denied Nwani's family general protective services. (*Id.*) It is unclear from these passing references whether Nwani intended to assert claims against Addo or Capps. To the extent he intended to assert claims, he has not plausibly done so and any such claims against Addo and Capps will be dismissed, albeit without prejudice.

[5] The Court will also dismiss with prejudice any claims against Maxwell, Simpson, Lierre-Louis, Carriere, and Miller. Nwani referred to these individuals in his Third Amended Complaint but did not include allegations describing their participation in the events giving rise to his claims. The Court dismissed any claims against these individuals without prejudice and noted for Nwani's benefit that allegations of personal involvement were required to render an individual liable in a civil rights action. *See Nwami v. Del. Co. Children & Youth Servs.*, No. 22-4540, 2023 WL 2278700 at *1 n.3 (E.D. Pa. Feb 28, 2023) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020)). Nwani's FAC does not include any allegations as to these individuals' involvement in the events described and any claims against them are, therefore, dismissed with prejudice at this time. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). Nwani's FAC also does not include any allegations describing Vanessa Pierre's participation in the events described, and any claims asserted against her will, accordingly, be dismissed. Additionally, the allegations in the FAC reflect that Defendant Baxter was not involved in the November 2022 events giving rise to Nwani's claims, although she was involved in events leading up to those events (see FAC at 6-8), and Nwani's claims against Baxter, too, will be dismissed.

Nwani's procedural due process claims against Hicks, Strofe and Fulton will be served for a responsive pleading at this time.

I.   FACTUAL ALLEGATIONS[6]

The gravamen of Nwani's Third Amended Complaint[7] was that the DHS Defendants removed K.S. and D.S. from Nwani's custody based on an allegedly false claim that he had sexually abused them.  *Nwami v. Delaware Cnty. Children & Youth Servs.*, No. 22-4540, 2023 WL 2278700, at *2 (E.D. Pa. Feb. 28, 2023).  The DHS Defendants did not seek court approval of the removal within 48 hours as required, but instead kept Nwani away from his children for nearly two weeks, during which time the Defendants allegedly failed to uncover any evidence to substantiate the claims against Nwani.  *Id.*  Further, notwithstanding an alleged failure to investigate and produce evidence against Nwani, he was kept from his children while the Defendants pursued and obtained an indicated finding of suspected child abuse against him.[8]  *Id.*  Based on the events described in the Third Amended Complaint, Nwani asserted claims for violations of his minor sons' Fourth Amendment rights, and substantive and procedural due process claims on behalf of his minor sons and on his own behalf.  He also asserted a Title VII claim on his own behalf.  Nwani also alleged that Officers McGonigal and Smith were negligent in the performance of their duties as they related to investigation of the claims against Nwani and

---

[6] The allegations set forth in this Memorandum are taken from Nwani's FAC.  (ECF No. 11.) The Court adopts the pagination supplied by the CM/ECF docketing system.

[7] Nwani filed several amended complaints after filing his original Complaint.  (*See* ECF Nos. 4, 5, 6.)  At the time the Court conducted its initial screening, the Third Amended Complaint was the governing pleading.

[8] An "indicated finding" is a report of child abuse if an investigation by the Pennsylvania Department of Human Services or a county agency determines that substantial evidence of the alleged abuse by a perpetrator exists.  *See* 23 Pa. Cons. Stat. § 6303.

related matters and that the CHPD had failed to adequately train its officers, resulting in their allegedly negligent conduct. *Id.,* at *3.

Upon screening the Third Amended Complaint, the Court granted Nwani leave to proceed *in forma pauperis* and dismissed without prejudice all claims asserted by Nwani on behalf of his sons. *Id.,* at *2. The Court dismissed with prejudice Nwani's substantive due process claim, his due process claim based on the Defendants' interference with his career, his official capacity claims against the named DHS employees, and all claims asserted against DHS and Defendant Angelique Hiers. *Id.* The Court dismissed without prejudice Nwani's state law negligence claims. Nwani's procedural due process claim against Defendants Hicks, Strofe and Fulton based on their participation in the removal of Nwani's children from his custody survived statutory screening, and Nwani was granted leave to file a Fourth Amended Complaint or proceed only on those procedural due process claims. *Id.* at *2. Nwani chose to file the FAC, which is now ripe for screening.

Nwani included lengthy factual allegations in his Third Amended Complaint describing the roles played by Nasira Smith (Nwani's his sons' mother), Tianna O'Connor (Smith's mother), and Bernard Nesmith (O'Connor's husband or father) in the months and years leading up to the events of November 2022 that ultimately gave rise to Nwani's claims. He repeats many of those allegations in the FAC. (*See* FAC at 7-8.) Rather than repeat them here, the Court incorporates by reference the summary of facts include in its earlier Memorandum. *See Nwami*, 2023 WL 2278700 at *2-*3.

In the FAC, Nwani alleges that on November 4, 2022, DHS received a report alleging possible child abuse and suggesting that Nwani was putting his sons at risk of harm. (FAC at 4.) On that same date, Smith, the mother of Nwani's sons, removed them from his home and did not return them as required under the governing custody order. (*Id.*) Nwani attempted to file a

4

missing-persons report, but the CHPD allegedly would not identify K.S. and D.S. as missing. (*Id.*)  Defendant Smith, the responding officer, advised Nwani to file a civil complaint against Smith and allegedly told Nwani that there was nothing the police could do.  (*Id.*)

Nwani alleges that on the following Monday, November 7, he advised the Vice-Principal of Hillcrest Elementary School that he did not know where K.S. and D.S. were and that they would be absent from school.  (*Id.*)  At noon on that date, Nwani met with school officials and police officers to address the report of possible abuse.  (*Id.* at 5.)  Following the meeting, Defendant CYS social worker Shapiro Doe advised Nwani that the children were safe and would be returned to him after school.  (*Id.*)  Defendant Doe also allegedly advised Nwani to contact the CHPD regarding Smith's violation of the custody order.  (*Id.*)

Nwani alleges that on the afternoon of November 7, Smith arrived at his home, whereupon Nwani called the police.  (*Id.* at 5.)  Defendant McGonigal responded and allegedly took statements from both Nwani and Smith, but advised Smith to file a report at the CHPD regarding her allegations of abuse.  (*Id.*)  Smith allegedly did so, and CHPD contacted CYS and Hillcrest Elementary School.  (*Id.*)  Upon receiving the report, Defendant Hicks allegedly removed Nwani's children from his custody and thereafter prevented Nwani from having contact with his children.  (*Id.*)

Nwani alleges that on November 9, he obtained a PFA[9] against Smith, and also a contempt of court order for her violation of the governing custody order.  (*Id.* at 6.)  He alleges that on that same date, Defendants Hicks and her supervisor Defendant Strofe filed Dependency Petitions for each of Nwani's minor sons.  (*Id.*)  Defendant Fulton allegedly approved the

---

[9] The Court understands Nwani to be referring to a protection from abuse order.

removal of K.S. and D.S. from Nwani's custody. (*Id.* at 7.) On November 22, 2022, K.S. and D.S. were adjudicated dependent and committed to CYS until March 7, 2023. (*Id.*)

Nwani includes new and seemingly unrelated allegations in his FAC. He alleges that on October 22, 2022, his son K.S. was bullied at school and suspended. (*Id.* at 8.) Nwani alleges that K.S. told Nwani that a teacher "touched him inappropriately" at school. (*Id.*) Nwani alleges that in January 2023, he notified the Superintendent of the Upper Darby School District (identified as John Council earlier in the FAC) that one of his staff had inappropriately touched Nwani's son. (*Id.*) Council allegedly responded by suggesting that K.S.'s caretaker at school may have touched K.S.[10] (*Id.*)

Nwani again asserts violations of his procedural due process rights. (*Id.* at 2.) He also asserts state law negligence claims. As relief, Nwani requests money damages. (*Id.* at 9.)

## II. STANDARD OF REVIEW

The Court has previously granted Nwani leave to proceed *in forma pauperis*, and his FAC is therefore subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and must be dismissed if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable

---

[10] Nwani alleges that his sons K.S. and D.S. were special education students subject to an IEP (the Court understands Nwani to be referring to an "Individual Education Plan") and were, as a result, more closely monitored at school. (FAC at 6.) It is not clear whether the boys were supervised by caretakers at school as part of the IEP.

inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Nwani is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

#### A.   Procedural Due Process Claim

In his Third Amended Complaint, Nwani asserted procedural due process claims against Defendants Hicks, Strofe, and Fulton. He claimed that they violated his rights when they took custody of K.S. and D.S. without a prior court order and allegedly without ample basis to believe that the minors were in imminent danger. Additionally, he claimed that these Defendants continued to restrict Nwani's access to his children without affording him any procedure by which the restrictions could be challenged. Upon screening, the Court found the claim plausible. *Nwami*, 2023 WL 2278700, at *6-*7. Nwani has included this claim in his FAC together with relevant factual allegations. (*See* FAC at 4-7.). This claim will be served for a responsive pleading at this time.

#### B.   Nwani's Claims Against Council

Nwani names as a Defendant Upper Darby School District Superintendent John Council. (FAC at 2.) The claim appears to be based on Council's response to Nwani's assertion that his son, K.S., had been inappropriately touched by a teacher while at school. (*Id.* at 8.) Council allegedly responded by suggesting that K.S.'s caretaker may have touched him. (*Id.*) These undeveloped and conclusory allegations do not state a plausible claim and will be dismissed.

7

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode*, 845 F.2d at 1207; *Dooley*, 957 F.3d at 374 ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

The Court cannot discern the nature of any plausible constitutional claim that Nwani may seek to assert on his own behalf against Council based on the allegations presented. Nwani's claim against Council will be dismissed without prejudice, but without leave to amend at this time so that service of Nwani's plausible claims will not be further delayed.

### C. Nwani's State Court Negligence Claims

In his Third Amended Complaint, Nwani asserted state law negligence claims against Officers Smith and McGonigal (whose name is spelled incorrectly), and also asserted claims against the CHPD based on negligent retention, negligent supervision, and respondeat superior. These claims were dismissed as conclusory and undeveloped and, therefore, not plausible. *Nwami*, 2023 WL 2278700, at *8-*9. Nwani was granted leave to amend these claims. *Id.* at 9. However, Nwani does not allege anything additional or different in the FAC to correct the defects the Court previously identified with respect to these claims. Nwani again does not identify any duty owed to him by the Defendant officers, does not describe how their conduct

failed to conform to a required standard of care, or identify how their conduct resulted in any harm to him. *See Vasquez v. Wingard*, 847 F. App'x 108, 111 (3d Cir. 2021) (quoting *Kleinknecht v. Gettysburg Coll.*, 989 F.2d 1360, 1366 (3d Cir. 1993) (to state a claim of negligence under Pennsylvania law, a plaintiff must allege "(1) a duty or obligation recognized by law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another.") Accordingly, Nwani has again failed to adequately allege plausible negligence claims against the Defendant officers or the CHPD. As Nwani has already been given an opportunity to cure the defects in his claim and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones*, 944 F.3d at 483 (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). These claims will be dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Nwani's claims against Vanessa Pierre, Joan Baxter, Shapiro Doe, CHPD, Officers McGonigal and Smith, Maxwell, Simpson, Lierre-Louis, Carriere, and Miller. The Court will dismiss without prejudice Nwani's claims against Council, Capps, and Addo. Nwani's procedural due process claims against Hicks, Strofe and Fulton will be served for a responsive pleading at this time.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**