IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IFEANYI NWANI,[1] *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>DELAWARE COUNTY CHILDREN &<br>YOUTH SERVICES, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:    CIVIL ACTION NO. 22-CV-4540<br>:<br>:<br>:<br>:<br>: |

**ORDER**

AND NOW, this 17th day of July, 2023, upon consideration of Plaintiff Ifeanyi Nwani's Motion to Proceed *in Forma Pauperis* (ECF No. 10) and his Fourth Amended Complaint (ECF No. 11), it is **ORDERED** that:

1. Nwani's Motion to Proceed *in Forma Pauperis* is **DENIED AS MOOT**.

2. The Clerk of Court is **DIRECTED** to mark as "participant view only" Nwani's Fourth Amended Complaint. Nwami is **DIRECTED** to refrain from including his minor children's names in future filings.

3. The following claims are **DISMISSED WITH PREJUDICE**: Nwani's claims against, Vanessa Pierre, Joan Baxter, Shapiro Doe, Maxwell, Simpson, Lierre-Louis, Carriere, and Miller; and Nwani's negligence claims against the Clifton Heights Police Department and Clifton Heights Police Officers Daniel McGonigal and Duncan Smith, Jr.

4. The Clerk of Court is **DIRECTED** to terminate the following as Defendants: Clifton Heights Police Department, Vanessa Pierre, Joan Baxter, Shapiro Doe, Maxwell, Simpson, Lierre-Louis, Carriere, Miller, Daniel McGonigal, and Duncan Smith, Jr.

---

[1] The Court previously misspelled Nwani's name.

5.	Nwani's claims against John Council, Chaurice Capps, and Michael Addo are **DISMISSED WITHOUT PREJUDICE**.

6.	The Clerk of Court shall issue summonses for Nicole Strofe, Mykia Hicks, and Megan Fulton only.  Service of the summonses and the Fourth Amended Complaint shall be made upon these Defendants by the U.S. Marshals Service.  Nwani will be required to complete USM-285 forms so that the Marshals can serve the Defendants.[2]  Failure to complete those forms may result in dismissal of this case.

7.	All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court.  Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*).  Service may be made by mail.  Proof that service has been made is provided by a certificate of service.  The certificate of service should be filed in the case along with the original papers and should show the day and manner of service.  An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct
> copy of the foregoing (name of pleading or other paper)
> has been served upon (name(s) of person(s) served) by
> placing the same in the U.S. mail, properly addressed,
> this (day) of (month), (year).
> 
> _____
>     (Signature)"

8.	Any request for court action shall be set forth in a motion, properly filed and served.  The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.  The Federal Rules of Civil Procedure and Local Rules are to be followed.

---

[2] USM-285 forms may be accessed at
https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt.pdf

Nwani is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days.  Failure to do so may result in dismissal.

9. Nwani is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  Nwani shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

10. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk of Court.

11. In the event a summons is returned unexecuted, it is Nwani's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

12. The parties should notify the Clerk's Office when there is an address change.  Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**